IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NORMA CAMPOS, | § § § § | |
| Plaintiff, | | |
| v. | § § § | 5:14-CV-874-RP |
| TOLTECA ENTERPRISES, INC.; THE PHOENIX RECOVERY GROUP; DOE 1-5 | § § § § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Plaintiff Norma Campos' Motion for Summary Judgment filed March 19, 2015 (Dkt. #16), Defendant Tolteca Enterprises, Inc.'s Response to Plaintiff's Motion filed April 1, 2015 (Dkt. #1), and Plaintiff's Reply to Defendant's Response filed April 8, 2015 (Dkt. #21). Having fully considered the motion, relevant case law, and entire record in this action, the Court finds that Plaintiff's Motion for Summary Judgment should be granted.

## BACKGROUND

Plaintiff Norma Campos brings this action alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant Tolteca Enterprises d/b/a the Phoenix Recovery Group ("Phoenix") is a third party debt collector as defined by 15 U.S.C. § 1692a. (Ans. ¶ 5). Between October 3rd and November 4th of 2013, Phoenix left four voicemail messages with Plaintiff Norma Campos. (Mot. Summ. J., at 2; Ans. ¶ 8). Each message was a slight variation of the following: "Message for Norma Campos. Ms. Campos, this is Sandra with the Phoenix Group. If you can, please return my call—(210) 822-8272 at extension 6017." (Mot. Summ. J., Ex. A).

1

On October 8, 2014, Ms. Campos brought suit against Phoenix,[1] alleging that its conduct violated 15 U.S.C. § 1692d(6) ("§ 1692d(6)") and 15 U.S.C. § 1692e(11) ("§ 1692e(11)")—two provisions of the FDCPA.  On March 19, 2015, Ms. Campos filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  The Court now considers this motion.[2]

**LEGAL STANDARD**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. DuPont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995).  The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence.  *Estate of Smith v. United States,* 391 F.3d 621, 625 (5th Cir. 2004).

---

[1] Ms. Campos originally filed suit against Tolteca Enterprises, the Phoenix Recovery Group, and Does 1-5. (Compl., at 2).  Defendant subsequently informed the Court that Tolteca Enterprises is a private corporation doing business under the assumed name Phoenix Recovery Group. (Dkt. #11). And, although the lawsuit was commenced almost nine months ago, Does 1-5 have not been named or served, and the parties have moved forward as if Does 1-5 are no longer parties to this action.  Under these circumstances, the Court will follow the parties' lead and construe this lawsuit as though it were against a single defendant: Tolteca Enterprises d/b/a/ the Phoenix Recovery Group.

[2] Four months later, Ms. Campos filed another FDCPA claim against Phoenix. This Court consolidated the two lawsuits, but not before Ms. Campos filed the motion for summary judgment currently under consideration.  At the parties' request, the Court is considering this motion now, and the parties will be permitted to submit dispositive motions on the second lawsuit in the future.

The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

## ANALYSIS

No material facts are in dispute in this case. Phoenix concedes that it is a debt collector as defined by 15 U.S.C. § 1692a, that it was engaging in debt collection efforts when it called Ms. Campos, and that it left Ms. Campos four voicemail messages between October and November of 2013. Likewise, Phoenix does not dispute the substance of the four voicemail messages. Thus, the only question the Court must decide is whether Phoenix's actions violated § 1692d(6) and § 1692e(11) of the FDCPA.

**1. Section 1692d(6)**

Ms. Campos argues that Phoenix violated § 1692d(6) of the FDCPA by leaving four voicemail messages without identifying that the call was from a debt collector or stating the reason for the call. Section 1692d(6) states in relevant part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (6) Except as provided in section 1692d of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

Phoenix does not dispute that its messages failed to provide the "meaningful disclosure" required by § 1692d(6). And for good reason: federal courts are in agreement that meaningful disclosure, at minimum, requires the caller to state the nature of the call. *See, e.g.*, *Baker v.*

3

*Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 949-50 (D. Minn. 2008) ("The relatively few courts construing Section 1692d(6) in similar contexts [voicemails] have uniformly held that it requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business."). Here, the caller provided her name, Phoenix's name, and a phone number, but did not say anything about the nature of the call itself. Thus, Phoenix's voicemail messages failed to provide Ms. Campos with meaningful disclosure of Phoenix's identity.

Phoenix maintains, however, that even if it failed provide meaningful disclosure, its messages did not violate § 1692d(6) because voicemail messages are not "communications" under the FDCPA. (Resp., at 2-3). The first case Phoenix cites in support of this argument is *Hagler v. Credit World Services, Inc.*, No. 13-CV-2452-DDC-JPO, 2014 WL 4954595 (D. Kan. Oct. 1, 2014). But rather than supporting its argument, under the *Hagler* court's reasoning, Ms. Campos would prevail on her claim. In *Hagler*, the court concluded that a voicemail message that failed to state that the caller was from a debt collection agency "did not provide 'meaningful disclosure' to plaintiff about his identify." *Id.* at *3. The court ultimately held, however, that the defendant did not violate § 1692d(6) because a single voicemail did not constitute "the placement of telephone *calls* [plural] without meaningful disclosure." *Id.* at *4 (emphasis added). But the question of whether one voicemail can violate § 1692d(6)—which the Court is not addressing—does not apply here, as Phoenix made multiple calls and left multiple messages.

Moreover, other Fifth Circuit district courts have concluded that "[w]hat is proscribed under this statute is conduct,"—*i.e.*, the *placement* of a phone call—"not necessarily communications." *Whatley v. Creditwatch Services, Ltd.*, No. 4:11-CV-493, 2012 WL 2885640, at *2 (E.D. Tex. July 13, 2012), *adopted by* No. 4:11-CV-493, 2012 WL 3151261 (E.D. Tex. Aug. 2, 2012). Thus, whether these voicemail messages were "communications" is of no consequence. Phoenix engaged in "the placement of telephone calls," and that is all the statute requires Ms. Campos to show. 15 U.S.C. § 1692d(6).

Here, Phoenix placed four calls to Ms. Campos and left voicemail messages that failed to disclose that the call was from a debt collector.  This is a clear violation of § 1692d(6) of the FDCPA, and accordingly, the Court grants Ms. Campos' Motion for Summary Judgment on this claim. [3]

**2. Section 1692e(11)**

Ms. Campos also alleges that Phoenix's voicemail messages violated § 1692e(11) of the FDCPA.  This section states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (11) The failure to disclose . . . if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

15 U.S.C. § 1692e(11).

Phoenix again argues that its conduct did not violate this section of the FDCPA because voicemail messages are not "communications."  (Resp., at 2-3).  This time, however, Phoenix's argument merits further analysis because § 1692e(11) explicitly concerns communications rather than mere conduct.

The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2).  And a number of courts have construed this broad definition to include voicemail messages, even when those messages fail to mention the debt.  *See, e.g.*, *Rodriguez v. Fulton Friedman &*

---

[3] Phoenix also argues that even if its actions did violate § 1692d(6), it only stopped short of meaningful disclosure in order to prevent inadvertently disclosing the nature of the call to a third party—a violation of 15 U.S.C. § 1692c(b).  Attempting to comply with § 1692c(b), however, does not permit Phoenix to violate another section of the FDCPA.  If Phoenix felt it that it could not leave a voicemail message that complied with both § 1692d(6) and § 1692c(b), then it should have used other means to contact Ms. Campos.  *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 659 (S.D.N.Y. Mar. 25, 2006).

*Gullace, LLP*, No. H-11-4592. 2012 WL 3756589, at *7 (S.D. Tex. Aug. 28, 2012) ("This Court agrees with the majority of district courts that have ruled on the issue. . . . [T]he better interpretation of 'communication' includes even those voicemail messages that simply request the consumer return the debt collector's call."); *see also Whatley*, 2012 WL 2885640, at *2 ("Voice messages are communications under the FDCPA, irrespective of whether a debt is mentioned.")  These courts reach this conclusion because "[t]he ultimate purpose of such a message is to communicate with the consumer about a debt," and as such "the message itself qualifies as an indirect conveying of information about a debt." *Rodriguez*, 2012 WL 3756589, at *7; *see also Foti*, 424 F. Supp. 2d at 656 ("Given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call, it is difficult to imagine how the voicemail message is not a communication under the FDCPA.").

The Court acknowledges, however, that some federal courts have come to the opposite conclusion.  *See, e.g., Marx v. General Revenue Corp.*, 668 F.3d 1174, 1177 (10th Cir. 2011). But these decisions appear to be outliers, and especially within the Fifth Circuit, all district courts that have addressed the issue have concluded that voicemail messages constitute "communications," regardless of whether the caller indicates that the call pertains to a debt collection effort. *See, e.g.*, *Rodriguez*, 2012 WL 3756589, at *7.

Therefore, because Phoenix's voicemail messages were communications that failed to disclose that the caller was a debt collector attempting to collect a debt, Phoenix violated § 1692e(11) of the FDCPA.  Thus, the Court also grants Ms. Campos' Motion for Summary Judgment on this claim.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Norma Campos' Motion for Summary Judgment (Dkt. #16) is **GRANTED**.

**SIGNED** on July 6, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE