IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NORMA CAMPOS, | § § | |
| Plaintiff, | § § | |
| v. | § § | 5:14-CV-874 RP |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § | |
| Defendant. | § § | |

## **ORDER**

On October 8, 2014, Plaintiff filed this action ("Campos I") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") under both 15 U.S.C. 1692d(6) and 15 U.S.C. 1692e(11). (Dkt. 5.) On February 2, 2015, Plaintiff filed a second action ("Campos II") alleging a new FDCPA violation under 15 U.S.C. 1692c(a)(2). (Complaint, Case No. 5:15-CV-045, Dkt. 7.) On March 31, 2015, this Court consolidated the two cases. (Dkt. 18.) Before the cases were consolidated, Plaintiff moved for summary judgment on the Campos I causes of action. (Dkt. 16.) On July 6, 2015, this Court granted summary judgment in favor of Plaintiff as to the Campos I causes of action. (Dkt. 26.) However, in the order granting summary judgment, the Court did not determine Plaintiff's damages or award attorney's fees. In a separate order, the Court requested additional briefing on the issue of attorney's fees. (Dkt. 27.) In response, Plaintiff filed a brief with further support for her request. (Dkt. 28.) On October 27, 2015, Plaintiff moved to dismiss the remaining Campos II cause of action (Dkt. 29) and renewed her request for attorney's fees (Dkt. 30).

Accordingly, three issues remain for the Court: (1) dismissal of the Campos II cause of action, (2) damages for the Campos I causes of action, and (3) attorney's fees for the Campos I causes of action. The Court addresses each issue in turn

i.

On October 27, 2015, Plaintiff filed her Unopposed Motion for Dismissal of Remaining Cause of Action (Dkt. 29). By way of the unopposed motion, Plaintiff moves to dismiss the Campos II cause of action, which alleges a violation of the FDCPA under 15 U.S.C. 1692c(a)(2). The Court concludes that Plaintiff's unopposed motion for dismissal should be granted.

ii.

Having adjudicated all of Plaintiff's causes of actions, the Court now turns to the issue of damages. In her Motion for Summary Judgment, filed March 19, 2015 (Dkt. 16), Plaintiff requests $1,000 in statutory damages, the maximum allowed by the FDCPA. *See* U.S.C. § 1692k(2)(a). Plaintiff argues that, adjusted for inflation, the $1,000 cap provides comparatively little recovery in relation to the original intent of the statute. Plaintiff also argues that the fact she alleged four separate violations of the FDCPA counsels towards awarding the statutory maximum. Defendant contends that its conduct which this Court found to be in violation of the FDCPA was incident to a good faith effort to avoid third party disclosure. Accordingly, Defendant asks the Court to award no more than $400. The Court concludes that $1,000 is a relatively modest penalty and that a lower figure would do little to effectuate the FDCPA's statutory purposes. Accordingly, with regard to the FDCPA claims on which the Court has already granted summary judgment for Plaintiff, and pursuant to U.S.C. § 1692k(a)(2)(A), the appropriate amount of statutory damages is $1,000.

iii.

The Court now turns to the issue of attorney's fees. When a consumer brings a successful FDCPA lawsuit, the defendant debt collector is liable for "the costs of the action, together with a reasonable attorney's fee" in an amount to be fixed at the discretion of the court.

15 U.S.C. § 1692k(a)(3). In her Motion for Summary Judgment, filed March 19, 2015 (Dkt. 16), Plaintiff requested $5,312.50 in attorney's fees. In her Motion for Additional Attorney's Fees, filed October 27, 2015 (Dkt. 30), Plaintiff requests an additional $1,562.50 for fees incurred after the filing of her motion for summary judgment. These figures are based on a rate of $300 per hour for work performed by an attorney and $50 per hour for work performed by a paralegal. Defendant does not dispute that the number of hours billed by Plaintiff's counsel is reasonable. Defendant argues, however, that the rate of $300 per hour is unreasonable and suggests an alternate rate of $250 per hour.

In determining a reasonable hourly rate, the Court looks to the prevailing market rate in the community in which it sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The Court previously invited the parties to offer further evidence to aid in the determination of the appropriate hourly rate. (Dkt. 27.) Defendant provided no further evidence. Plaintiff, however, provided a detailed brief substantiating her claim that $300 per hour is reasonable. (Dkt. 28.) Plaintiff cites the United States Consumer Law Attorney Fee Survey Report (2013-2014) which revealed a median hourly rate in the San Antonio area of $350 per hour. Moreover, Plaintiff submits a declaration from her attorney in which he states that he has represented hundreds of clients in Fair Debt Collection Practices Act and his normal rate for all services is $300 per hour.

In light of the evidence before it, the Court concludes that $300 per hour is a reasonable hourly rate for representation in an FDCPA case in the San Antonio area. The Court, therefore, finds that the calculation of total fees and costs documented in Exhibit A of Plaintiff's Motion for Additional Attorney's Fees (Dkt. 30) is also reasonable. Accordingly, the Court awards attorney's fees and costs, pursuant to U.S.C. § 1692k(a)(3), in the amount of $6,907.41.

iv.

For the foregoing reasons,

1. Plaintiff's Unopposed Motion for Dismissal of Remaining Cause of Action (Dkt. 29) is hereby **GRANTED.**

2. Plaintiff is hereby awarded statutory damages of $1,000.

3. Plaintiff's Motion for Additional Attorney's Fees, filed October 27, 2015 (Dkt. 30) is hereby **GRANTED.** Plaintiff is awarded attorney's fees and costs in the amount of $6,907.41.

**SIGNED** on December 4, 2015.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE